IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA


VERSUS                                    CRIMINAL NO. 1:96cr36WJG
                                          CIVIL ACTION NO. 1:99cv86WJG

EXDONOVAN PEAK


O R D E R


This cause is before the Court on the Motion for Reconsideration [66-1] filed by the

Defendant, Exdonovan Peak.  After due consideration of the arguments, evidence of record,

applicable law, and being otherwise advised in the premises, the Court finds as follows:

On or about December 5, 1996, Defendant was convicted on one count of conspiracy to

possess with intent to distribute crack cocaine.  (Ct. R., Doc. 20.)  After denial of his appeal for

the conviction, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging, *inter

alia*, that Defendant's attorney, Pete Halat, had been offered a five-year plea agreement, which

Defendant wanted to accept but which Halat unilaterally rejected.  (Ct. R., Doc. 48, Exh. A.)  In

response to this argument, Respondent asserted that "if such a plea offer were made, it stretches

the bounds of reason and common sense to suppose that there would be no evidence of any such

offer having been made *and accepted by the defendant prior to his trial*."  (Ct. R., Doc. 53, p. 5)

(emphasis in original).  After reviewing Defendant's ineffective assistance of counsel argument

relating to the plea agreement, the Court concluded that "importantly, there is simply no credible

evidence to suggest that an offer had been made and accepted by the defendant prior to trial."

(Ct. R., Doc. 56, p. 7.)  Subsequently, the Fifth Circuit issued as mandate its Judgment denying Defendant's Motion for Certificate of Appealability.  (Ct. R., Doc. 61.)

Defendant now comes forward with "new" evidence that he asserts proves a fraud on the Court and warrants this Court setting aside its previous Final Judgment denying Defendant's Motion to Vacate pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure.  (Ct. R., Doc. 66.)  Defendant contends that his motion is not a successive § 2255 petition and should be considered under Rule 60(b).  On this matter the Court follows the example of the Fifth Circuit in *Fierro v. Johnson*, 197 F.3d 147 (5th Cir. 1999), considering first whether Defendant has met his burden of establishing fraud on the Court.[1]

As stated by the Fifth Circuit:

To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Fierro*, 197 F.3d at 154 (citation omitted).  Additionally, Defendant must prove fraud on the court by clear and convincing evidence.  *See Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 636 (5th Cir. 1971) (finding that proof of fraud requires clear and convincing evidence).

Defendant's evidence is a newly found letter from Halat to Defendant's mother indicating that the United States Attorney had offered Defendant a five-year plea agreement based on

---

[1]Although this Court follows the example of the Fifth Circuit, the Court thinks that it would also be correct in denying Defendant's motion as a successive § 2255 petition because the substance of Defendant's argument is that he was denied effective assistance of counsel, which he has previously argued unsuccessfully.

Defendant's full cooperation with helping obtain other arrests and convictions. (Ct. R., Doc. 66, Exh. 1.) Even if presumed reliable, the letter does not rise to the level of fraud on the Court and is, at most, evidence of nondisclosure of facts allegedly pertinent to the matter previously before this Court. *Lustig*, 96 F.3d at 1573. Even so, the instant letter only serves to contradict Defendant's prior tale surrounding the allegedly proffered plea agreement. (Ct. R., Docs. 48 and 49.) Further, the letter does not indicate that Defendant ever accepted the alleged plea offer and in fact, states that Halat thought Defendant would reject the offer. (Ct. R., Doc. 66, Exh. 1.)

Defendant also argues that the United States Attorney failed to obtain affidavits from Halat or the prosecuting Assistant United States Attorney regarding a plea agreement. Defendant fails to recognize that it was his burden to produce sufficient evidence to carry his prior motion and that it is his burden now to establish fraud by clear and convincing evidence. Defendant's newly discovered evidence does not provide clear and convincing evidence that a fraud has been perpetrated on this Court.

For the reasons stated herein, the Court finds that Defendant's Motion for Reconsideration [66-1] should be denied. It is therefore,

ORDERED that Defendant's Motion for Reconsideration [66-1] be, and is hereby, DENIED.

SO ORDERED this the 21st day of January, 2006.

_Walter J. Gex III_

UNITED STATES SENIOR DISTRICT JUDGE